Michael A. Bliven
Avery L. Field
Bliven Law Firm, P.C.
704 South Main
Kalispell, MT 59901
P: (406) 755-6828
F: (406) 755-6829
E: avery@blivenlawfirm.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA, MISSOULA DIVISION

| | |
|---|---|
| JANE DOE,<br><br>                    Plaintiff,<br><br>         v.<br><br>JOSHUA HILL, CODY EACKER, KADE MCCUTCHEON, and John Does 1-10,<br><br>                    Defendants. | Cause No.: _____<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

**COMES NOW**, Plaintiff Jane Doe, by and through her undersigned attorney

of record, Avery L. Field of Bliven Law Firm, P.C., and files this Complaint and

Demand for Jury Trial, and complains and alleges as follows upon information and

belief:

//

//

COMPLAINT AND DEMAND FOR JURY TRIAL | pg. 1

## NATURE OF ACTION

1.      This action is brought under the auspices of Masha's Law (18 U.S.C. § 2255) and Mont. Code Ann. § 27-2-216 and other laws of the United States and the State of Montana based upon the rape, sexual assault, and sex abuse of Plaintiff Doe, who was then only a high school sophomore and a minor, and Defendants' conspiracy to surreptitiously record and distribute video of Plaintiff Doe engaged in (unwelcome and unauthorized) sexual conduct.

2.      This is an action to recover the damages wrought by Defendants' Joshua Hill, Cody Eacker, and Kade McCutcheon's intentional and negligent acts and omissions, including, without limitation, Plaintiff Doe's physical, mental, and financial injuries suffered as a result of the rape, sexual assault, sexual abuse, and surreptitious recording and distribution thereof.

## PARTIES, JURISDICTION, AND VENUE

*A. Parties*

3.      Plaintiff Jane Doe is a resident of Flathead County, Montana. At the time when Plaintiff Doe was raped, sexually assaulted and surreptitiously recorded, Plaintiff Doe was a minor and a student enrolled at Glacier High School. As of the date of this filing, Plaintiff Doe is twenty-seven years old.

4.      Upon information and belief, Defendant Joshua Hill is presently a resident of Madison County, Montana. In or about early January of 2014, when

Defendant Hill engaged in the acts and omissions described herein, Defendant Hill was a resident of Flathead County, Montana. During the 2013-2014 school year, Defendant Hill was a student enrolled at Glacier High School.

5.    Upon information and belief, Defendant Cody Eacker is presently a resident of Flathead, Montana. In or about early January of 2014, when Defendant Eacker engaged in the acts and omissions described herein, Defendant Eacker was a resident of Flathead County, Montana. During the 2013-2014 school year, Defendant Eacker was a student enrolled at Flathead High School.

6.    Upon information and belief Defendant Kade McCutcheon is a resident of Maricopa County, Arizona. In or about early January of 2014, when Defendant McCutcheon engaged in the acts and omissions described herein, Defendant McCutcheon was a resident of Flathead County, Montana. During the 2013-2014 school year, Defendant McCutcheon was a student enrolled at Glacier High School.

7.    Defendant John Does 1-10 are persons, partnerships, corporations, or other entities which may be responsible for Plaintiff Doe's damages. The identities of said Does are not known at this time, but Plaintiff Doe reserves her right to amend this Complaint in order to specifically name these persons, partnerships, corporations, or other entities if and when their identities are ascertained.

//

## B. *Jurisdiction and Venue*

8.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the Constitution and laws of the United States, including, but not limited to Masha's Law (18 U.S.C. § 2255) and the Ku Klux Klan Act (42 U.S.C. § 1985(3)).

9.     This Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are so related to claims in the action within this Court's original jurisdiction that they form part of the same case or controversy.

10.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## C. *Statute of Limitations*

### i.    *Masha's Law (18 U.S.C. § 2255)*

11.     In 2022, Congress amended Masha's Law to eliminate the statute of limitations for claims arising under 18 U.S.C. § 2255. See *Eliminating Limits to Justice for Child Sex Abuse Victims Act of 2022*, Pub. L. 117-176, § 2, 136 Stat. 2108 (2022).

12.    Congress's 2022 amendment of Masha's Law provided:

"This Act and the amendments made by this Act shall … (2) apply to–(A) any claim or action that … would not have been barred under section 2255(b) of title 18, United States Code, as it read on the day before the date of enactment of this Act."

13.    This amendment of Masha's Law applies retroactively to any claim or action that would not have been barred under the 2018 version of 18 U.S.C. § 2255. See *A.B. v. Kowalczyk*, No. 20-35885, 2026 U.S. App. LEXIS 2110, at *4 (9th Cir. Jan. 28, 2026).

14.    The 2018 version of 18 U.S.C. § 2255 stated:

"Any action commenced under this section shall be barred unless the complaint is filed … not later than 10 years after the date on which the victim reaches 18 years of age." *18 U.S.C. § 2255 (2018)*.

15.    Plaintiff Doe is less than twenty-eight (28) years of age.

16.    Having not yet reached the age of twenty-eight (28), this action is filed within ten (10) years after Plaintiff Doe turned 18, and is timely filed to preserve Plaintiff Doe's claims arising under Masha's Law.

*ii.    Montana State Law Claims*

17.    Pursuant to Mont. Code Ann. § 27-2-102(3), Mont. Code Ann. § 27-2-216(1)(b), and Montana's "Discovery Rule" (see generally *Nelson v. Nelson*,

2002 MT 151, ¶24, 310 Mont. 329, 336-37, 50 P.3d 139, 144), Plaintiff Doe's action is timely filed because it has been less than a year since Plaintiff Doe was diagnosed with Post Traumatic Stress Disorder ("PTSD") caused by the sexual abuse, invasion of privacy, and resulting ridicule and mockery described herein and less than a year since Plaintiff Doe discovered that her symptoms, distress, and damages were caused by Defendants' sexual abuse, intentional acts, and negligence.

18.    The facts constituting Plaintiff Doe's claims were, by their nature concealed or self-concealing, and Plaintiff Doe, in the exercise of reasonable due diligence, discovered the facts constituting Plaintiff Doe's claims less than a year ago. Mont. Code Ann. § 27-2-102(3); Mont. Code Ann. § 27-2-216(1)(b); *Nelson v. Nelson*, 2002 MT 151, ¶14, 310 Mont. 329, 333, 50 P.3d 139, 142

19.    Defendant Hill's conduct alleged herein constitutes an act committed against Plaintiff Doe who was less than 18 years of age at the time the act occurred and that was a violation of Mont. Code Ann. §§ 45-5-502 (Sexual Assault), 45-5-503 (Sexual Intercourse Without Consent), and 45-5-625 (Sexual Abuse of Children), and is therefore subject to the limitations periods prescribed by law in Mont. Code Ann. § 27-2-216.

20.    Defendant McCutcheon's conduct alleged herein constitutes an act committed against Plaintiff Doe who was less than 18 years of age at the time the

act occurred and that was a violation of Mont. Code Ann. §§ 45-5-502 (Sexual Assault) and 45-5-625 (Sexual Abuse of Children), and is therefore subject to the limitations periods prescribed by law in Mont. Code Ann. § 27-2-216.

21.    Defendant Eacker's conduct alleged herein constitutes an act committed against Plaintiff Doe who was less than 18 years of age at the time the act occurred and that was a violation of Mont. Code Ann. § 45-5-625 (Sexual Abuse of Children), and is therefore subject to the limitations periods prescribed by law in Mont. Code Ann. § 27-2-216.

### FACTS COMMON TO ALL COUNTS

22.    In or about early January of 2014, Plaintiff Doe was a sophomore at Glacier High School.

23.    In or about early January of 2014, Defendants Hill and McCutcheon were juniors at Glacier High School. Defendant Eacker was a junior at Flathead High School. Defendant Hill was a star football player on the Glacier High School football team.

24.    Based upon information and belief, in or about early January of 2014, Defendant Hill was a participant in a group text message thread or other form of 'group chat' that included multiple male student athletes at Glacier High School.

25.     Based upon information and belief, within this 'group chat,' male student athletes at Glacier High School, including Defendant Hill, exchanged numerical rankings for female students at Glacier High School.

26.     Based upon information and belief, within this 'group chat,' male student athletes at Glacier High School, including Defendant Hill, ranked female students at Glacier High School based upon their perceptions of the attractiveness of the female students. Female students that the male student athletes, including Defendant Hill, perceived to be more attractive received higher numerical rankings.

27.     Based upon information and belief, within this 'group chat,' male student athletes at Glacier High School, including Defendant Hill, awarded points to each other based upon accomplishing a sexual act or acts with one of the numerically-ranked female students or for providing sexually explicit photographs or video depicting the female student to the members of the 'group chat.' The higher numerical ranking the female student received from the individuals in the 'group chat,' the more points the male student would receive for accomplishing a sexual act or acts with her or for providing sexually explicit photographs or video depicting the female student.

28.     Based upon information and belief, Defendant Hill and the other male student athletes at Glacier High School that participated in this 'group chat'

exchanged explicit images and video of female students in states of undress and/or engaged in sexual acts via text message, Snapchat, and other means in order to boast and obtain the approval and recognition of the other members of the group chat.

29.    Defendant Hill and the other male student athletes at Glacier High School that participated in this 'group chat' exchanged the explicit images and video of female students in states of undress and/or engaged in sexual acts despite knowing the female students were minors.

30.    Defendant Hill and the other male student athletes at Glacier High School that participated in this 'group chat' exchanged the explicit images and video of female students in states of undress and/or engaged in sexual acts via their Apple and/or Android smartphones and via the internet.

31.    Defendant Hill and the other male student athletes at Glacier High School who participated in the 'group chat' targeted the females ranked in the 'group chat' based on their gender.

32.    Defendant Hill and the other male student athletes at Glacier High School who participated in the 'group chat' conspired to deprive the female students ranked and targeted in the 'group chat' of having and exercising their rights and privileges as a citizen of the United States.

33.    Defendant Hill and the other male student athletes at Glacier High School who participated in the 'group chat' conspired to deprive the female students ranked and targeted in the 'group chat' of the equal protection of the laws of the United States.

34.    Defendant Hill and the other male student athletes at Glacier High School who participated in the 'group chat' conspired to injure the persons and property of the female students ranked and targeted in the 'group chat.'

35.    Based upon information and belief, many of the female students targeted by Defendant Hill and other male student athletes at Glacier High School, were, at the time, minors.

36.    Based upon information and belief, Plaintiff Doe was ranked in the 'group chat' composed of Defendant Hill and other male student athletes at Glacier High School.

37.    In or about January of 2014, Plaintiff Doe was unaware that she had been ranked and targeted in the 'group chat' composed of Defendant Hill and other male student athletes at Glacier High School.

38.    In or about early January of 2014, Plaintiff Doe was going through a break up with her then boyfriend, who is not a party to this action.

39.    In or about early January of 2014, Plaintiff Doe confided in Defendant Hill, who was friends with Plaintiff Doe's boyfriend, about her intentions and plans

to break up with her boyfriend. At the time, Plaintiff Doe considered Defendant Hill to be a friend.

40.     On a night in or about early January of 2014, Defendant Hill invited Plaintiff Doe over to the house where Defendant McCutcheon resided, located at 3160 Sweetgrass Lane, Kalispell, Montana 59901 (hereinafter "Defendant McCutcheon's residence"). Defendant Hill advised Plaintiff Doe that he was 'hanging out' at Defendant McCutcheon's residence with Defendant McCutcheon.

41.     Plaintiff Doe agreed to go to Defendant McCutcheon's residence to spend time with Defendant Hill.

42.     Defendant Hill picked up Plaintiff Doe from the house of one of Plaintiff Doe's friends and transported Plaintiff Doe to Defendant McCutcheon's residence.

43.     Upon arriving at Defendant McCutcheon's residence, Plaintiff Doe observed Defendant McCutcheon drinking a can of beer.

44.     Upon arriving at Defendant McCutcheon's residence, Plaintiff Doe observed multiple open beer containers. Based upon information and belief, Defendants Hill and McCutcheon had been drinking alcohol prior to Plaintiff Doe's arrival at the McCutcheon residence.

45.     Based upon information and belief, the beer that Defendants Hill and McCutcheon were drinking was provided to Defendants Hill and McCutcheon by

JOHN DOE(s), a heretofore unidentified adult(s) who was aware Defendants Hill and McCutcheon were not of legal drinking age.

46.     When Plaintiff Doe arrived at Defendant McCutcheon's residence, she believed that Defendant Hill and Defendant McCutcheon were the only two people, in addition to herself, who were present at the home. Neither Defendant Hill nor Defendant McCutcheon told Plaintiff Doe that Defendant Eacker was also present at the home. Plaintiff Doe did not know that Defendant Eacker was also present at the home.

47.     Shortly after Plaintiff Doe arrived at Defendant McCutcheon's residence, Defendant Hill invited Plaintiff Doe to follow him to a more private room near the back of Defendant McCutcheon's residence.

48.     Plaintiff Doe, who considered Defendant Hill to be a friend and who had fledgling romantic interest in Defendant Hill, agreed to follow Defendant Hill.

49.     Defendant Hill led Plaintiff Doe to a bedroom near the back of the house.

50.     When Plaintiff Doe understood that Defendant Hill was leading her to a bedroom near the back of the house, Plaintiff Doe stated audibly to Defendant Hill "Ok, but I'm not having sex with you."

51.    Plaintiff Doe telling Defendant Hill "I'm not having sex with you" was an expression of lack of consent through words made by Plaintiff Doe to Defendant Hill.

52.    The bedroom at Defendant McCutcheon's residence where Defendant Hill led Plaintiff Doe had a single window that looked out into the backyard of the residence. Plaintiff Doe observed that it was dark outside the window.

53.    Based upon information and belief, no window coverings obscured the ability for a person outside to see into the bedroom where Defendant Hill led Plaintiff Doe. A person standing in the backyard of Defendant McCutcheon's residence would be able to see through the window into the bedroom where Defendant Hill led Plaintiff Doe.

54.    Because it was dark outside, Plaintiff Doe was unable to see any person outside the window from inside the bedroom where Defendant Hill led Plaintiff Doe. Furthermore, Plaintiff Doe, who believed Defendant McCutcheon and Defendant Hill were the only other persons present at Defendant McCutcheon's residence, was unaware that a person was hiding outside the window in the backyard.

55.    After Defendant Hill led Plaintiff Doe into the bedroom, Defendant Hill and Plaintiff Doe began to kiss while standing near the door to the bedroom.

56. Plaintiff Doe consented to kissing Defendant Hill. Prior to arriving at the McCutcheon residence, Plaintiff Doe understood and believed that a possible or potential purpose of her visit to Defendant McCutcheon's house that night was for Plaintiff Doe and Defendant Hill to kiss for the first time. Plaintiff Doe did not consent to having sex with Defendant Hill, and she clearly, explicitly, and audibly stated to Defendant Hill that she was "not having sex with [Defendant Hill]."

57. When Defendant Hill and Plaintiff Doe kissed, Plaintiff Doe observed that Defendant Hill smelled strongly of alcohol.

58. When Defendant Hill and Plaintiff Doe were standing near the bedroom door kissing, the bedroom door was open.

59. Defendant Hill closed the bedroom door.

60. Defendant Hill led Plaintiff Doe to the bed in the bedroom and laid Plaintiff Doe down on the bed.

61. Defendant Hill laid down on top of Plaintiff Doe and proceeded to kiss Plaintiff Doe.

62. While laying on top of Plaintiff Doe, pinning Plaintiff Doe down with his body weight, Defendant Hill attempted to touch Plaintiff Doe's genitalia with his hand. Plaintiff Doe removed Defendant Hill's hand from her groin area.

63. Plaintiff Doe removing Defendant Hill's hand from her groin area was an expression of lack of consent through conduct made by Plaintiff Doe.

64.    Defendant Hill undressed Plaintiff Doe against Plaintiff Doe's will and without her permission. Defendant Hill removed all of Plaintiff Doe's clothes until she was naked.

65.    Plaintiff Doe again verbalized that she did not consent to having sex with Defendant Hill. Plaintiff Doe told Defendant Hill "No."

66.    Plaintiff Doe telling Defendant Hill "No." was an expression of lack of consent through words made by Plaintiff Doe to Defendant Hill.

67.    When Defendant Hill continued his effort to engage in sexual activity with Plaintiff Doe, despite Plaintiff Doe's clear protestation, Plaintiff Doe again, a second time, told Defendant Hill "No."

68.    Plaintiff Doe telling Defendant Hill "No." a second time was another expression of lack of consent through words made by Plaintiff Doe to Defendant Hill.

69.    Defendant Hill ignored Plaintiff Doe's clear and audible statements expressing her dissent and objection to engaging in sexual activity with Defendant Hill.

70.    Defendant Hill ignored Plaintiff Doe's clear physical expression of dissent and objection to engaging in sexual activity with Defendant Hill–specifically, Defendant Hill ignored Plaintiff Doe removing Defendant Hill's hand from her groin area.

71. Defendant Hill knew that Plaintiff Doe did not want to and did not consent to engaging in sexual activity with him.

72. Despite this knowledge, and despite Plaintiff Doe's multiple objections, Defendant Hill continued to force himself upon Plaintiff Doe.

73. While laying on top of Plaintiff Doe, Defendant Hill placed his hand on Plaintiff Doe's throat.

74. Defendant Hill, without Plaintiff's consent and over Plaintiff's multiple objections, performed acts of sexual intercourse upon Plaintiff Doe. Specifically, Defendant Hill forced his penis into Plaintiff Doe's vagina.

75. Defendant Hill continued to sexually assault Plaintiff Doe vaginally for multiple minutes.

76. At the time when Defendant Hill assaulted Plaintiff Doe, Plaintiff Doe was only fifteen (15) years old. Given Plaintiff Doe's age, Plaintiff Doe was unable to consent to the sexual acts Defendant Hill perpetrated against her. Mont. Code Ann. § 45-5–501(1)(b)(iv); *State v. Pease*, 227 Mont. 424, 431, 740 P.2d 659, 663 (1987)

77. Defendant Hill's sexual assault of Plaintiff Doe caused her to feel acute physical pain and discomfort.

78. During and after Defendant Hill's sexual assault of Plaintiff Doe on the bed, Plaintiff Doe experienced abject terror.

79.    Upon information and belief, during and after Defendant Hill's sexual assault of Plaintiff Doe on the bed, Plaintiff Doe experienced an acute stress response, akin to "shock" and/or dissociation, causing Plaintiff Doe to feel outside of her own body, unable to move volitionally, unable to speak or make decisions, and unable to defend herself.

80.    While Plaintiff Doe was experiencing an acute stress response, Plaintiff Doe could not volitionally move her body to resist further sexual assault by Defendants, nor could Plaintiff Doe form additional or further words to object to Defendants' conduct.

81.    While Plaintiff Doe was experiencing an acute stress response, Plaintiff Doe did not and could not consent to engage in sexual activity with Defendants.

82.    After sexually assaulting Plaintiff Doe on the bed, and while Plaintiff Doe was still experiencing an acute stress response, Defendant Hill positioned Plaintiff Doe on her knees on the bedroom floor.

83.    Defendant Hill inserted his genitals into Plaintiff Doe's mouth and forced her to perform oral sex against Plaintiff Doe's will and without her consent. Defendant Hill held Plaintiff Doe's head with his hands and moved her head according to Defendant Hill's purposes.

84. Plaintiff Doe did not and could not consent to engage in oral sex with Defendant Hill.

85. Against Plaintiff Doe's will and without her consent, Defendant Hill ejaculated in Plaintiff Doe's mouth. Defendant Hill instructed Plaintiff Doe to swallow his ejaculate.

86. After Defendant Hill sexually assaulted Plaintiff Doe orally, Plaintiff Doe was in a dissociated and unresponsive state.

87. Defendant Hill led Plaintiff Doe, who was still experiencing an acute stress response, to the living room where Defendant McCutcheon was waiting. Plaintiff Doe was still naked when Defendant Hill led Plaintiff Doe to the living room.

88. Plaintiff Doe, who only knew of Defendant McCutcheon and who did not know Defendant McCutcheon personally prior to that night in or about early January of 2014, would not have entered into Defendant McCutcheon's living room naked but for the effects of the acute stress response that Plaintiff Doe was experiencing.

89. Defendant Hill led Plaintiff Doe to the couch in the living room and sat Plaintiff Doe down on the couch.

90. Defendants Hill and McCutcheon observed that Plaintiff Doe was in a vulnerable and/or impaired state.

91.     Defendants Hill and McCutcheon proceeded to discuss what they should do with Plaintiff Doe, who was experiencing an acute stress response and sitting naked on Defendant McCutcheon's living room couch.

92.     Defendants Hill and McCutcheon discussed together what they should do with Plaintiff Doe, and they decided to have Plaintiff Doe, who was in an incapacitated state, perform sexual acts on them simultaneously.

93.     Defendants Hill and McCutcheon removed their pants and positioned themselves on either side of Plaintiff Doe on the couch.

94.     Defendants Hill directed Plaintiff Doe to perform simultaneous manual sexual acts upon Defendants Hill and McCutcheon's exposed genitals.

95.     Plaintiff Doe, who was still experiencing the effects of an acute stress response, performed the simultaneous manual sexual acts upon Defendants Hill and McCutcheon's exposed genitals as Defendant Hill directed.

96.     Plaintiff Doe, by virtue of her age and incapacitated mental state, did not consent to and was incapable of consenting to the sexual contact that Defendants Hill directed Plaintiff Doe to perform.

97.     Shortly thereafter, Defendant Eacker entered the McCutcheon residence and was looking at a smartphone in his hands and laughing.

98. Defendant Eacker made a statement to Defendants Hill and McCutcheon that was audible to Plaintiff Doe that Defendant Eacker had gotten "video" of "that."

99. Neither Defendant Hill nor Defendant McCutcheon made any statement or gesture that indicated surprise that Defendant Eacker was present at the McCutcheon residence.

100. Defendant Eacker then showed Defendants Hill and McCutcheon his phone. Defendants Hill and McCutcheon stood in the kitchen of the McCutcheon residence looking at Defendant Eacker's phone for a length of time and in a manner consistent with watching a video.

101. Upon information and belief, unbeknownst to Plaintiff Doe, Defendant Eacker had been present outside the McCutcheon residence the entire time that Plaintiff Doe was present at the residence.

102. Upon information and belief, unbeknownst to Plaintiff Doe, Defendants Hill and McCutcheon were aware that Defendant Eacker was present at the McCutcheon residence.

103. Upon information and belief, unbeknownst to Plaintiff Doe, Defendants Hill, McCutcheon, and Eacker had conspired to have Defendant Eacker surreptitiously record Plaintiff Doe engaging in sexual acts with Defendant Hill and/or Defendant McCutcheon.

104.    Upon information and belief, unbeknownst to Plaintiff Doe, during the course of one or more of the sexual acts heretofore described, Defendant Eacker was positioned outside the McCutcheon residence at a window.

105.    Upon information and belief, unbeknownst to Plaintiff Doe, during the course of one or more of the sexual acts alleged herein, Defendant Eacker secretly and surreptitiously video recorded Plaintiff Doe. At no time did Plaintiff Doe consent to being video recorded by Defendant Eacker, who Plaintiff Doe was unaware was present at Defendant McCutcheon's residence. The video recording was made by Defendant Eacker without Plaintiff Doe's knowledge.

106.    Upon information and belief, Defendants Hill, McCutcheon, and Eacker each engaged in overt acts in furtherance of their conspiracy, including, but not limited to, concealing the presence of Defendant Eacker at the McCutcheon residence, preparing a window or windows such that Defendant Eacker could see into the McCutcheon residence from his hiding place outside the residence, undressing Plaintiff Doe, sexually assaulting Plaintiff Doe vaginally, sexually assaulting Plaintiff Doe orally, sexually assaulting Plaintiff Doe manually, and surreptitiously video recording Plaintiff Doe, all without Plaintiff's consent and against Plaintiff's will.

107.    The video recording made by Defendant Eacker depicted Plaintiff Doe engaging–non-consensually–in sexually explicit conduct.

108. Defendant Eacker recorded the Plaintiff Doe engaging in non-consensual sexual acts on Defendant Eacker's smartphone. Upon information and belief, Defendant Eacker's smartphone was either an iPhone or Android phone.

109. Upon information and belief, in and prior to January of 2014, Apple iPhones were manufactured in China, and of the top ten (10) brands of Android phones, none were made and/or manufactured in the United States. In and prior to January of 2014, there were essentially no modern smartphones manufactured in the United States.

110. Defendant Eacker's smartphone contained a camera and was capable to take, send, and receive video recordings and photographs over the internet.

111. Upon information and belief, the smartphone that Defendant Eacker used to video record the sexual assault of Plaintiff Doe was manufactured outside of the United States.

112. Upon information and belief, the smartphone that Defendant Eacker used to video record the sexual assault of Plaintiff Doe was transported in interstate commerce in order to arrive in the possession of Defendant Eacker.

113. Upon information and belief, Defendant Eacker used the internet to upload the video(s) he took of Plaintiff Doe engaged in sexually explicit conduct to the "Snapchat" application.

114.   Upon information and belief, Defendant Eacker used the internet to transmit the video(s) he took of Plaintiff Doe engaged in sexually explicit conduct to Defendants Hill and McCutcheon and other Glacier High School students.

115.   Upon information and belief, Defendants Hill and McCutcheon also owned smartphones that, like Defendant Eacker's phone, were not manufactured in the United States and that were transported in interstate commerce to arrive in the possession of Defendants Hill and McCutcheon.

116.   Upon information and belief, Defendants Hill and McCutcheon, who were aware that the video(s) transmitted to their phones by Defendant Eacker depicted Plaintiff Doe engaged in sexually explicit conduct, nevertheless intentionally viewed the video(s).

117.   Upon information and belief, Defendants Hill and McCutcheon, who were aware that the video(s) transmitted to their phones by Defendant Eacker depicted Plaintiff Doe engaged in sexually explicit conduct, nevertheless themselves transmitted the video to other Glacier High School students via their phones and the internet.

118.   At all material times, Defendants Hill, McCutcheon, and Eacker were aware that Plaintiff Doe was a minor.

119. Shortly after the assaults alleged herein, Plaintiff Doe became aware that Defendants Hill, McCutcheon and Eacker had distributed video of Plaintiff Doe depicting explicit sexual content to other students at Glacier High School.

120. As a result of Defendants Hill, McCutcheon and Eacker distributing the video to other students at Glacier High School, Plaintiff Doe was forced to endure ridicule and mockery from her peers.

121. One male student remarked to Plaintiff Doe during a class at Glacier High School that he had learned that Plaintiff Doe "went skiing" with Defendants Hill and McCutcheon in reference to the manual sexual assault Plaintiff Doe had endured.

122. A different male student informed Plaintiff Doe that he had seen a video of Plaintiff Doe, and that the video was "horrible."

123. Multiple male students at Glacier High School referred to Plaintiff Doe as "Ski Pole [Jane]."

124. Another student made a post on Twitter referring to Plaintiff Doe as "@sextapeslut."

125. Male students made gestures resembling using ski poles towards Plaintiff Doe as she walked through the hallways at Glacier High School in reference to the manual sexual assault Plaintiff Doe had endured.

126.  Plaintiff Doe endured additional comments and gestures that made it clear to Plaintiff Doe that the video(s) taken by Defendant Eacker had been distributed to many of her peers at Glacier High School.

127.  As a result of the sexual abuse Plaintiff Doe suffered and the subsequent ridicule and mockery that Plaintiff Doe experienced due to Defendants Eacker, Hill, and McCutcheon distributing the video(s) of Plaintiff Doe's sexual abuse, Plaintiff Doe experienced panic attacks and severe anxiety.

128.  Plaintiff Doe, who was a minor when she was sexually abused and recorded by Defendants, did not, at the time, understand that she was a victim of sexual abuse, and, as a result, Plaintiff Doe suffered extreme feelings of shame.

129.  Plaintiff Doe experienced extreme embarrassment being at school and around her peers because of the sexual abuse and Defendants' distribution of sexually explicit video(s) of Plaintiff Doe.

130.  Plaintiff Doe experienced fear and retraumatization when she encountered Defendants Hill and McCutcheon at Glacier High School.

131.  Plaintiff Doe, who prior to the sexual abuse performed well at school, receiving all A's and B's, and who previously had enjoyed school and been committed to learning, suffered an extreme academic decline following the sexual abuse. Throughout the second half of her Sophomore year and her Junior and Senior years, Plaintiff Doe's grades were either failing or barely passing. Plaintiff

Doe's academic decline resulted from the mental and emotional suffering caused by Defendants' sexual abuse, though Plaintiff did not discover her mental and emotional injury until February of 2026.

132. Defendants' sexual abuse of Plaintiff Doe harmed Plaintiff Doe's personal, social, academic, and professional opportunities.

133. Defendants' sexual abuse of Plaintiff Doe caused Plaintiff Doe to suffer a loss of earnings and a loss of earning capacity.

134. Defendants' sexual abuse of Plaintiff Doe caused Plaintiff Doe to suffer physical pain and suffering.

135. Defendants' sexual abuse of Plaintiff Doe caused Plaintiff Doe to suffer mental and emotional distress.

136. Defendants' sexual abuse of Plaintiff Doe caused Plaintiff Doe to suffer permanent injury.

137. Defendants' sexual abuse of Plaintiff Doe caused Plaintiff Doe to suffer a loss of enjoyment and participation in hobbies, activities, and in the course of Plaintiff Doe's life.

138. Defendants' sexual abuse of Plaintiff Doe caused Plaintiff Doe to incur related medical and out of pocket expenses.

139. Defendants' sexual abuse of Plaintiff Doe caused Plaintiff Doe to suffer additional damages.

140. Defendants' sexual abuse of Plaintiff Doe caused Plaintiff Doe to suffer severe mental and emotional injury, although Plaintiff's mental and emotional injury was not diagnosed until February of 2026.

141. Within a couple weeks of the sexual abuse at the McCutcheon residence described herein, Plaintiff Doe reported Defendant Eacker, Hill, and McCutcheon's sexual abuse of Plaintiff Doe and the resulting ridicule and mockery that Plaintiff Doe was experiencing to Jerad Avery, a counselor at Glacier High School.

142. Plaintiff Doe reported to Jerad Avery that Plaintiff Doe had told Defendant Hill "No" before Defendant Hill engaged in the sexual acts alleged herein.

143. Plaintiff Doe reported to Jerad Avery that a video(s) was taken by other students of the sexual act or acts and that the video(s) were being shared by Glacier High School students.

144. When Plaintiff Doe made her report to Jerad Avery, Mr. Avery told Plaintiff Doe, "I'm so sorry."

145. When Plaintiff Doe made her report to Jerad Avery, Mr. Avery told Plaintiff Doe that Mr. Avery was aware that Defendant Hill and other male students at Glacier High School participated in a "group chat" wherein they sent one another "inappropriate" pictures and videos of girls.

146.    When Plaintiff Doe made her report to Jerad Avery, Mr. Avery told Plaintiff Doe that Mr. Avery was aware that Defendant Hill and other male students at Glacier High School who participated in the "group chat" provided numerical rankings to female students at Glacier High School within the "group chat."

147.    When Plaintiff Doe made her report to Jerad Avery, Mr. Avery told Plaintiff Doe that Mr. Avery was aware that male students at Glacier High School who participated in the "group chat" awarded each other points corresponding with the numerical rankings they ascribed to female students at Glacier High School when a group chat participant engaged in sexual activity with a rated female student or provided pictures or video of the female student to the "group chat."

148.    Based upon information and belief, Mr. Avery was aware that male students at Glacier High School were distributing child pornography depicting female Glacier High School students.

149.    Based upon information and belief, Mr. Avery was aware of this "group chat" and the information and images that were exchanged therein prior to the sexual abuse that Plaintiff Doe suffered.

150.    When Plaintiff Doe made her report to Jerad Avery, Mr. Avery did not make any statement to Plaintiff Doe regarding Mr. Avery's duty or obligation to make a report regarding the conduct Plaintiff Doe reported to Mr. Avery.

151. When Plaintiff Doe made her report to Jerad Avery, Mr. Avery did not direct Plaintiff Doe or connect her to any mental health resources or professionals.

152. When Plaintiff Doe made her report to Jerad Avery, Mr. Avery did not inform Plaintiff Doe's parents or take any step to notify an adult guardian of Plaintiff Doe of the conduct Plaintiff Doe reported to Mr. Avery.

153. After and as a result of the sexual abuse perpetrated by Defendants, Plaintiff Doe suffered injury; specifically, Plaintiff Doe suffered Post Traumatic Stress Disorder.

154. Despite having mental and emotional symptoms that affected Plaintiff Doe's life and opportunities and caused Plaintiff Doe to suffer damages, Plaintiff Doe was not aware that the symptoms stemmed from Post Traumatic Stress Disorder and were caused by the sexual abuse until February of 2026.

155. For years, Plaintiff Doe has sought out mental health treatment and counseling to deal with the debilitating mental and emotional symptoms that she has experienced; however, until February of 2026, Plaintiff Doe had not discovered that the symptoms were caused by and related to the sexual abuse perpetrated by Defendants Eacker, Hill, and McCutcheon described herein.

156. During the intervening period between Defendants' sexual abuse and the date of this filing, Plaintiff Doe has sought mental health treatment and counseling from numerous providers, including, without limitation, a psychiatrist,

counselors, and religious advisers, in order to address the mental health symptoms she has experienced.

157.    Plaintiff Doe received unrelated diagnoses and explanations from the mental health professions she treated with, which further concealed and delayed her discovery of the relationship between the mental health symptoms she was experiencing and the Defendants' sexual abuse.

158.    In January of 2026, Plaintiff Doe was made aware of an article in the Daily Interlake newspaper regarding a lawsuit filed concerning the sexual assault of a Glacier High School student wrestler, which caused Plaintiff Doe to flashback to her own sexual abuse and prompted Plaintiff Doe to seek treatment.

159.    In February of 2026, Plaintiff Doe began to see a psychologist, Dr. Julia Owen Shoal, who diagnosed Plaintiff Doe with Post Traumatic Stress Disorder and who related Plaintiff Doe's PTSD diagnosis to the sexual abuse Plaintiff Doe suffered in 2014.

160.    February of 2026 was the first time that Plaintiff Doe was, to her knowledge, ever diagnosed by a mental health professional with PTSD.

161.    February of 2026, when Plaintiff Doe was diagnosed with PTSD caused by the sexual abuse Plaintiff Doe suffered in 2014, was the first time that Plaintiff Doe discovered that her injury was caused by Defendants' sexual abuse.

162.  Prior to February of 2026, Plaintiff Doe was not aware that the mental and emotional symptoms that she suffered were caused by Defendants' sexual abuse in 2014 or that she had an injury–specifically, PTSD.

163.  Plaintiff Doe's mental health injury was, by its nature, concealed or self-concealing until it was diagnosed by Dr. Shoal in February of 2026.

164.  Plaintiff Doe exercised reasonable due diligence to discover her injury by seeking mental health treatment and counseling for years prior to being diagnosed with PTSD in February of 2026.

## COUNT I
## MASHA'S LAW (18 U.S.C. § 2255)
### (As to Defendants Eacker, Hill, and McCutcheon)

165.  Plaintiff Doe incorporates and re-alleges by reference the allegations contained in paragraphs 1-164.

166.  18 U.S.C. § 2255, or Masha's Law, provides that any person who, while a minor, was a victim of a violation of 18 U.S.C. §§ 2251, 2252, or 2252A who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

167. Upon information and belief, Defendants Eacker, Hill, and McCutcheon conspired to and did violate 18 U.S.C. §§ 2251, 2252, and 2252A.

168. Plaintiff Doe did suffer personal injury as a result of Defendants Eacker, Hill, and McCutcheon's violations of 18 U.S.C. §§ 2251, 2252, and 2252A.

### A. 18 U.S.C. § 2251

169. Defendant Eacker, Hill, and McCutcheon employed, used, and coerced Plaintiff Doe, who at the relevant time was a minor, to engage in sexually explicit conduct for the purpose of producing a visual depiction of said sexually explicit conduct.

170. Defendant Eacker, Hill, and McCutcheon conspired to record Plaintiff Doe engaging in sexually explicit conduct with Defendants Hill and McCutcheon. A purpose of the sexual assaults alleged herein was to produce a visual depiction of said sexually explicit conduct. Defendants Eacker, Hill, and McCutcheon concealed Defendant Eacker's presence at the McCutcheon residence for the purpose of obtaining surreptitiously recorded visual depiction(s) of Plaintiff Doe engaging in sexually explicit conduct.

171. Defendant Hill engaged in the sexual assault of Plaintiff Doe detailed herein in part for the purpose of producing a visual depiction of Plaintiff Doe engaged in sexually explicit conduct so that Defendant Hill could share the visual

depiction with the other Glacier High School student athletes in the 'group chat' wherein the participants ranked and targeted female students.

172. Defendants Eacker and McCutcheon were aware of Defendant Hill's intention and purpose to visually record the sexually explicit conduct to share with the 'group chat' participants. Defendants Eacker and McCutcheon agreed to participate in Defendant Hill's plan and each committed overt acts in furtherance of Defendant Hill's plan.

173. The visual depiction(s) of Plaintiff Doe engaging in sexually explicit conduct recorded by Defendant Eacker were produced using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce. Specifically, the visual depiction(s) of Plaintiff Doe engaging in sexually explicit conduct was produced using Defendant Eacker's smartphone, which was transported in interstate commerce.

174. The visual depiction(s) of Plaintiff Doe engaging in sexually explicit conduct recorded by Defendant Eacker were transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce. Specifically, the visual depiction(s) of Plaintiff Doe engaging in sexually explicit conduct was transmitted via Defendant Eacker, Hill, and McCutcheon's smartphones and via the internet, including via the application "Snapchat."

175.  As alleged herein, Defendants Eacker, Hill, and McCutcheon violated 18 U.S.C. § 2251.

176.  Plaintiff Doe has suffered personal injury as a result of Defendants Eacker, Hill, and McCutcheon's violations of 18 U.S.C. § 2251.

B. *18 U.S.C. § 2252*

177.  Defendants Eacker, Hill, and McCutcheon conspired to produce a visual depiction(s) involving the use of Plaintiff Doe, who was a minor at the relevant time, engaging in sexually explicit conduct.

178.  Defendants Eacker, Hill, and McCutcheon produced a visual depiction(s) of Plaintiff Doe, who was a minor at the relevant time, engaging in sexually explicit conduct.

179.  Defendants Eacker, Hill, and McCutcheon did, having produced a visual depiction(s) of Plaintiff Doe engaging in sexually explicit conduct, knowingly transport and/or ship using means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce the visual depiction(s) of Plaintiff Doe engaging in sexually explicit conduct. Specifically, Defendants Eacker, Hill, and McCutcheon did transport and/or ship the visual depiction(s) using their smartphones and via the internet.

180.  Defendants Hill and McCutcheon did knowingly receive from Defendant Eacker a visual depiction(s) of Plaintiff Doe engaging in sexually

explicit conduct that was produced using means or facility of interstate or foreign commerce and that was shipped or transported in or affecting interstate or foreign commerce, and which contained materials that were shipped or transported using means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce. Specifically, Defendants Hill and McCutcheon did receive the visual depiction(s) via their smartphones and the internet, and the visual depiction(s) was produced and transported via Defendant Eacker's smartphone and the internet.

181. Defendants Eacker, Hill, and McCutcheon did knowingly distribute a visual depiction(s) of Plaintiff Doe engaging in sexually explicit conduct that was produced using means or facility of interstate or foreign commerce and that was shipped or transported in or affecting interstate or foreign commerce, and which contained materials that were shipped or transported using means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce. Specifically, Defendants Eacker, Hill, and McCutcheon did produce and distribute the visual depiction(s) via their smartphones and the internet.

182. As alleged herein, Defendants Eacker, Hill, and McCutcheon violated 18 U.S.C. § 2252.

183. Plaintiff Doe has suffered personal injury as a result of Defendants Eacker, Hill, and McCutcheon's violations of 18 U.S.C. § 2252.

C. *18 U.S.C. § 2252A*

184.    "Child pornography" means, in relevant part, any visual depiction, including any photograph, film, video, or picture, of sexually explicit conduct where: (1) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct, or (2) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct. See 18 U.S.C. § 2256(8).

185.    The video(s) taken by Defendant Eacker that depicted Plaintiff Doe engaged in sexually explicit conduct were child pornography.

186.    Defendants Eacker, Hill, and McCutcheon did knowingly transport or ship using means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce the video(s) that depicted Plaintiff Doe engaged in sexually explicit conduct. Specifically, Defendants Eacker, Hill, and McCutcheon shipped and/or transported the child pornography via their smartphones and the internet to and between themselves and other students at Glacier High School.

187.    Defendants Hill, and McCutcheon did knowingly receive using means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce the video(s) that depicted Plaintiff Doe engaged in sexually explicit conduct. Specifically, Defendants Hill and McCutcheon knowingly received the

child pornography via their smartphones and the internet from Defendant McCutcheon who produced and transmitted the child pornography using his smartphone and the internet.

188.   Defendants Eacker, Hill, and McCutcheon did knowingly distribute using means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce the video(s) that depicted Plaintiff Doe engaged in sexually explicit conduct. Specifically, Defendants Eacker, Hill, and McCutcheon distributed the child pornography via their smartphones and the internet to and between themselves and other students at Glacier High School.

189.   As alleged herein, Defendants Eacker, Hill, and McCutcheon violated 18 U.S.C. § 2252A.

190.   Plaintiff Doe has suffered personal injury as a result of Defendants Eacker, Hill, and McCutcheon's violations of 18 U.S.C. § 2252A.

191.   As a result of Defendants Eacker, Hill, and McCutcheon's violations of 18 U.S.C. §§ 2251, 2252, and 2252A and Plaintiff Doe's resulting personal injury, Plaintiff Doe is entitled to the actual damages Plaintiff Doe sustained or liquidated damages in the amount of $150,000 per violation resulting in personal injury to Plaintiff Doe, and the cost of the action, including attorney's fees and other litigation costs.

192.   As a result of Defendants Eacker, Hill, and McCutcheon's violations of 18 U.S.C. §§ 2251, 2252, and 2252A and Plaintiff Doe's resulting personal injury, Plaintiff Doe may also be awarded punitive damages.

## COUNT II
### KU KLUX KLAN ACT (42 U.S.C. § 1985(3))
### (As to Defendants Eacker, Hill, and McCutcheon)

193.   Plaintiff Doe incorporates and re-alleges by reference the allegations contained in paragraphs 1-192.

194.   Defendants Eacker, Hill, and McCutcheon conspired to deprive Plaintiff of the equal protection of the laws and to deprive Plaintiff of having and exercising her rights and privileges as a citizen of the United States.

195.   Defendants Eacker, Hill, and McCutcheon conspired against Plaintiff based on Plaintiff's gender.

196.   Defendants Eacker, Hill, and McCutcheon made overt acts in furtherance of their conspiracy by concealing Defendant Eacker's presence at the McCutcheon residence, sexually assaulting Plaintiff at the McCutcheon residence, surreptitiously video recording the sexual assault of Plaintiff, and distributing the surreptitiously recorded video of the sexual assault of Plaintiff to other persons.

197.   Defendants' conspiracy was aimed at harming and interfering with Plaintiff's protected rights.

198. As a direct and proximate result of Defendants Eacker, Hill, and McCutcheon's conspiracy to deprive Plaintiff of the equal protection of the laws and/or of equal privileges and immunities under the laws, Plaintiff Doe suffered injury in her person.

199. As a direct and proximate result of Defendants Eacker, Hill, and McCutcheon's conspiracy to deprive Plaintiff of the equal protection of the laws and/or of equal privileges and immunities under the laws, Plaintiff Doe suffered injury in her property.

200. As a direct and proximate result of Defendants Eacker, Hill, and McCutcheon's conspiracy to deprive Plaintiff of the equal protection of the laws and/or of equal privileges and immunities under the laws, Plaintiff Doe suffered deprivation of her rights and privileges as a citizen of the United States.

201. As a direct and proximate result of Defendants Eacker, Hill, and McCutcheon's conspiracy to deprive Plaintiff of the equal protection of the laws and/or of equal privileges and immunities under the laws, Plaintiff Doe suffered damages.

## <u>COUNT III</u>
### BATTERY
### (As to Defendants Hill and McCutcheon)

202. Plaintiff Doe incorporates and re-alleges by reference the allegations contained in paragraphs 1-201.

203.   In Montana, the tort of battery is "an intentional contact by one person with the person of another which is harmful or offensive," *Saucier v. McDonald's Rests. of Mont., Inc.*, 2008 MT 63, ¶62, 342 Mont. 29, 47, 179 P.3d 481, 494.

204.   Defendant Hill's contacts with the person of Plaintiff Doe, including, without limitation, engaging in sexual intercourse, oral sex, and manual sexual acts with Plaintiff Doe, were intentional acts performed by Defendant Hill.

205.   Defendant Hill's contact with the person of Plaintiff Doe, including, without limitation, engaging in sexual intercourse, oral sex, and manual sexual acts with Plaintiff Doe, against Plaintiff Doe's will and without Plaintiff Doe's consent, was harmful and offensive.

206.   Plaintiff Doe did not consent to the harmful and offensive touching by Defendant Hill.

207.   Defendant McCutcheon's contact with the person of Plaintiff Doe, including, without limitation, engaging in manual sexual acts with Plaintiff Doe, was an intentional act performed by Defendant McCutcheon.

208.   Defendant McCutcheon's contact with the person of Plaintiff Doe, including, without limitation, engaging in manual sexual acts with Plaintiff Doe, against Plaintiff Doe's will and without Plaintiff Doe's consent, was harmful and offensive.

209.   Plaintiff Doe did not consent to the harmful and offensive touching by Defendant McCutcheon.

210.   Plaintiff Doe suffered physical and mental injury as a result of the battery committed upon her by Defendants Hill and McCutcheon.

## COUNT IV
## ASSAULT
### (As to Defendants Hill and McCutcheon)

211.   Plaintiff Doe incorporates and re-alleges by reference the allegations contained in paragraphs 1-210.

212.   In Montana, the tort of assault is "any intentional threat of harmful or offensive contact with another by force under circumstances which create a well founded fear of such contact, coupled with the apparent present ability to carry out the threat." *Saucier v. McDonald's Rests. of Mont., Inc.*, 2008 MT 63, ¶62, 342 Mont. 29, 47, 179 P.3d 481, 494.

213.   Defendants Hill and McCutcheon intended to cause apprehension of harmful and/or offensive contact.

214.   Defendants Hill and McCutcheon threatened harmful and offensive contact and/or offensive contact by force.

215.   Defendants Hill and McCutcheon's threatened harmful and offensive contact and/or offensive contact by force occurred under circumstances which created within Plaintiff Doe a well founded fear of such contact.

216.   Defendants Hill and McCutcheon's threatened harmful and offensive contact and/or offensive contact by force occurred under circumstances wherein Defendants Hill and McCutcheon had the present ability to carry out the threat.

217.   Plaintiff Doe did not consent to Defendant Hill or Defendant McCutcheon's acts constituting an assault.

218.   Plaintiff Doe suffered physical and mental injury as a result of the assault committed upon her by Defendants Hill and McCutcheon.

## COUNT V
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(As to Defendants Eacker, Hill, and McCutcheon)**

219.   Plaintiff Doe incorporates and re-alleges by reference the allegations contained in paragraphs 1-218.

220.   Plaintiff Doe has suffered and continues to suffer serious and/or severe distress following the sexual assaults, surreptitious recording, and dissemination of video depicting Plaintiff Doe being assaulted as alleged herein.

221.   Plaintiff Doe's serious and/or severe emotional distress was a reasonably foreseeable consequence of Defendant Eacker, Hill, and McCutcheon's intentional acts alleged herein.

222.   Defendants Eacker, Hill, and McCutcheon acted with extreme and outrageous conduct that would shock the conscience of a reasonable person when

they sexually assaulted Plaintiff Doe, surreptitiously recorded the assaults, and distributed the video(s) of Plaintiff Doe to other students at Glacier High School.

223.   The distress inflicted by Defendants Eacker, Hill, and McCutcheon's intentional acts is so severe that no reasonable person could be expected to endure it.

224.   Plaintiff Doe is suffering harm as a result of Defendants Eacker, Hill, and McCutcheon's intentional infliction of emotional distress.

225.   Plaintiff Doe is entitled to recover the damages that she has suffered and continues to suffer as a result of Defendants Eacker, Hill, and McCutcheon's intentional infliction of emotional distress.

## COUNT VI
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (As to Defendants Eacker, Hill, and McCutcheon)

226.    Plaintiff Doe incorporates and re-alleges by reference the allegations contained in paragraphs 1-225.

227.   Plaintiff Doe has suffered and continues to suffer serious and/or severe distress following the sexual assaults, surreptitious recording, and dissemination of video depicting Plaintiff Doe being assaulted as alleged herein.

228.   Plaintiff Doe's serious and/or severe emotional distress was a reasonably foreseeable consequence of Defendant Eacker, Hill, and McCutcheon's negligent acts and omissions alleged herein.

229.   Defendants Eacker, Hill, and McCutcheon acted with extreme and outrageous conduct that would shock the conscience of a reasonable person when they sexually assaulted Plaintiff Doe, surreptitiously recorded the assaults, and distributed the video(s) of Plaintiff Doe to other students at Glacier High School.

230.   The distress inflicted by Defendants Eacker, Hill, and McCutcheon's negligent acts and omissions is so severe that no reasonable person could be expected to endure it.

231.   Plaintiff Doe is suffering harm as a result of Defendants Eacker, Hill, and McCutcheon's negligent infliction of emotional distress.

232.   Plaintiff Doe is entitled to recover the damages that she has suffered and continues to suffer as a result of Defendants Eacker, Hill, and McCutcheon's negligent infliction of emotional distress.

**COUNT VII**
**CHILDHOOD SEXUAL ABUSE (Mont. Code Ann. § 27-2-216)**
**(As to Defendants Eacker, Hill, and McCutcheon)**

233.   Plaintiff Doe incorporates and re-alleges by reference the allegations contained in paragraphs 1-232.

234.    Montana law recognizes a private right of action for individuals who, while minors, suffered childhood sexual abuse. See Mont. Code Ann. § 27-2-216.

235.   At all times relevant to Defendants' abusive conduct, Plaintiff Doe was a minor. Plaintiff Doe was only 15 years old.

236.   Mont. Code Ann. § 27-2-216 affords Plaintiff Doe a private right of action against Defendants Eacker, Hill, and McCutcheon for their violations of Mont. Code Ann. §§ 45-5-502, 45-5-503, and/or 45-5-625.

237.   Defendants Hill and McCutcheon knowingly subjected Plaintiff Doe to sexual contact without Plaintiff Doe's consent in violation of Mont. Code Ann. § 45-5-502. Defendant Eacker participated in a conspiracy which, in furtherance thereof, resulted in Defendants Hill and McCutcheon sexually assaulting Plaintiff Doe in violation of Mont. Code Ann. § 45-5-502.

238.   Defendant Hill knowingly had sexual intercourse with Plaintiff Doe without Plaintiff Doe's consent and/or when Plaintiff Doe was incapable of consent in violation of Mont. Code Ann. § 45-5-503. Defendants Eacker and McCutcheon participated in a conspiracy which, in furtherance thereof, resulted in Defendant Hill engaging in nonconsensual sexual intercourse with Plaintiff Doe in violation of Mont. Code Ann. § 45-5-503.

239.   Defendant Eacker knowingly photographed, filmed, videotaped, developed or duplicated the photographs, films, and/or videotapes, and/or recorded Plaintiff Doe engaging in sexual conduct in violation of Mont. Code Ann. § 45-5-625(1)(a). Defendants Hill and McCutcheon participated in a conspiracy with Defendant Eacker, wherein the Defendants conspired to knowingly photograph, film, videotape, develop or duplicate the photographs, films, and/or videotapes,

and/or record Plaintiff Doe engaging in sexual conduct in violation of Mont. Code Ann. § 45-5-625(1)(a).

240.   Defendants Eacker, Hill, and McCutcheon knowingly processed, developed, published, transported, distributed, exhibited, and/or advertised video and/or still images of Plaintiff Doe engaging in sexual conduct in violation of Mont. Code Ann. § 45-5-625(1)(d).

241.   Defendants Eacker, Hill, and McCutcheon knowingly possessed on their smartphones video and/or still images of Plaintiff Doe engaging in sexual conduct in violation of Mont. Code Ann. § 45-5-625(1)(e).

242.   As a result of Defendants Eacker, Hill, and McCutcheon's sexual abuse while Plaintiff was a minor, Plaintiff Doe has suffered injury and damages.

## COUNT VIII
### INTRUSION UPON SECLUSION/INVASION OF PRIVACY
### (As to Defendants Eacker, Hill, and McCutcheon)

243.   Plaintiff Doe incorporates and re-alleges by reference the allegations contained in paragraphs 1-242.

244.   Montana recognizes a common law cause of action for invasion of privacy where the plaintiff is able to demonstrate a ". . . wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." *Deserly v. Dep't of Corr.*, 2000 MT 42, ¶17, 298 Mont. 328, 335, 995 P.2d 972, 977.

245.  Defendants Eacker, Hill, and McCutcheon conspired to intrude upon Plaintiff Doe's private activities, including, without limitation, viewing and video recording Plaintiff Doe when Plaintiff Doe was naked and when Plaintiff Doe was engaged in sexually explicit conduct.

246.  Defendants Eacker, Hill, and McCutcheon conspired to view and video record Plaintiff Doe when Plaintiff Doe was naked and when Plaintiff Doe was engaged in sexually explicit conduct without Plaintiff Doe's knowledge or consent and against Plaintiff Doe's will.

247.  Defendants Eacker, Hill, and McCutcheon did view and video record Plaintiff Doe when Plaintiff Doe was naked and when Plaintiff Doe was engaged in sexually explicit conduct without Plaintiff Doe's knowledge or consent and against Plaintiff Doe's will.

248.  Defendants Eacker, Hill, and McCutcheon's intrusion into Plaintiff Doe's private activities was outrageous and caused Plaintiff Doe to suffer mental suffering, shame, and humiliation.

249.  Defendants Eacker, Hill, and McCutcheon's intrusion into Plaintiff Doe's private activities was outrageous and would cause a person of ordinary sensibilities to suffer mental suffering, shame, and humiliation.

250.  Plaintiff Doe has suffered damages as a result of Defendants Eacker, Hill, and McCutcheon's intrusion into Plaintiff Doe's private activities.

## COUNT IX
## PUBLIC DISCLOSURE OF PRIVATE FACTS
### (As to Defendants Eacker, Hill, and McCutcheon)

251.   Plaintiff Doe incorporates and re-alleges by reference the allegations contained in paragraphs 1-250.

252. Defendants Eacker, Hill, and McCutcheon, by intentionally distributing the video(s) depicting Plaintiff Doe engaged in nonconsensual sexually explicit conduct to other Glacier High School students, gave publicity to a matter concerning the private life of Plaintiff Doe.

253. The video(s) depicting Plaintiff Doe engaged in nonconsensual sexually explicit conduct, to which Defendants Eacker, Hill, and McCutcheon gave publicity, would be highly offensive to a reasonable person.

254. The video(s) depicting Plaintiff Doe engaged in nonconsensual sexually explicit conduct, to which Defendants Eacker, Hill, and McCutcheon gave publicity, is not of legitimate concern to the public.

255. By intentionally distributing the video(s) depicting Plaintiff Doe engaged in nonconsensual sexually explicit conduct to other Glacier High School students, Defendants Eacker, Hill, and McCutcheon invaded Plaintiff Doe's privacy.

256.   Plaintiff Doe has suffered damages as a result of this invasion of her privacy by Defendants Eacker, Hill, and McCutcheon.

## COUNT X
## CIVIL CONSPIRACY
**(As to Defendants Eacker, Hill, and McCutcheon)**

257.   Plaintiff Doe incorporates and re-alleges by reference the allegations contained in paragraphs 1-256.

258.   The elements of a civil conspiracy are "(1) two or more persons…; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof." *Simmons Oil Corp. v. Holly Corp.* (1993), 258 Mont. 79, 91, 852 P.2d 523, 530

259.   Defendants Eacker, Hill, and McCutcheon together constitute two or more persons.

260.   Defendants Eacker, Hill, and McCutcheon sought the objects of coercing Plaintiff Doe to engage in sexual activity, video recording Plaintiff Doe in states of undress and/or engaged in sexually explicit conduct, and distributing the video recording(s) of Plaintiff Doe in states of undress and/or engaged in sexually explicit conduct to other students at Glacier High School.

261.   Defendants Eacker, Hill, and McCutcheon had a meeting of the minds on the objects and/or course of action to procure the objects, including, without limitation to engaging in sexual activity with Plaintiff Doe, video recording Plaintiff Doe in states of undress and/or engaged in sexually explicit conduct,

distributing the video recording(s) of Plaintiff Doe in states of undress and/or engaged in sexually explicit conduct to other students at Glacier High School, and to procure these objects by concealing Defendant Eacker's presence at the McCutcheon residence and for Defendant Eacker to surreptitiously record Plaintiff Doe.

262.    Defendants Eacker, Hill, and McCutcheon engaged in numerous overt unlawful acts as alleged herein, including sexually assaulting Plaintiff Doe and video recording Plaintiff Doe, a minor, engaged in sexually explicit conduct.

263.    Defendants Eacker, Hill, and McCutcheon's conspiracy was the direct and proximate cause of the damages Plaintiff Doe suffered, as alleged herein.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Doe respectfully prays for this Honorable Court to:

1. Enter judgment in favor of Plaintiff Doe and against Defendants Eacker, Hill, and McCutcheon for each claim presented by Plaintiff Doe herein;

2. Award Plaintiff Doe compensatory damages in amounts to be established at trial, including, without limitation, Plaintiff Doe's damages for past, present, and future emotional pain and suffering, ongoing mental anguish, loss of past, present, and future enjoyment of life, loss of past earnings, and loss of future earnings and earning capacity;

3. Award Plaintiff Doe liquidated damages in the amount of $150,000.00 for

each and every act of Defendants Eacker, Hill, and McCutcheon in violation of 18 U.S.C. §§ 2251, 2252, and 2252A pursuant to 18 U.S.C. § 2255.

4. Award punitive damages against Defendants Eacker, Hill, and McCutcheon pursuant to 18 U.S.C. § 2255 and other applicable authority;

5. Award Plaintiff Doe prejudgement and post-judgment interest;

6. Award Plaintiff Doe her costs and expenses, including attorneys' fees; see 18 U.S.C. § 2255 and pursuant to other applicable authority; and

7. Grant such other and further relief as the Court deems just and equitable under the circumstances.

## JURY DEMAND

1. Plaintiff Doe hereby demands a jury trial on all claims triable by right.

Dated: February 23, 2026.

BLIVEN LAW FIRM, P.C.

By: */s/ Avery L. Field*
    Avery L. Field
    704 South Main
    Kalispell, MT 59901
    P: (406) 755-6828
    E: avery@blivenlawfirm.com

    *Attorney for Plaintiff*