Michael A. Bliven
Avery L. Field
Bliven Law Firm, P.C.
704 South Main
Kalispell, MT 59901
P: (406) 755-6828
F: (406) 755-6829
E: avery@blivenlawfirm.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA, MISSOULA DIVISION

| | |
|---|---|
| JANE DOE,<br><br>                    Plaintiff,<br><br>v.<br><br>JOSHUA HILL, CODY EACKER, KADE MCCUTCHEON, and John Does 1-10,<br><br>                    Defendants. | Cause No.: 9:26-cv-00037-KLD<br><br>Judge: Hon. Kathleen L. DeSoto<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM AND FOR RELATED PROTECTIVE ORDER** |

Plaintiff Jane Doe, by and through her undersigned counsel, pursuant to Federal Rules of Civil Procedure 5.2(e), 16(b), and 26(c) and D. Mont. L.R. 5.2, respectfully moves this Court for an order granting Plaintiff leave to proceed under a pseudonym and a protective order to prevent public disclosure of her identity by Defendants. The above-entitled action concerns Defendants' sexual abuse of Plaintiff Doe when Plaintiff Doe was a minor, including sexual assault,

surreptitiously recorded video of Plaintiff engaged in nonconsensual sexual conduct while a minor, and the distribution of child pornography depicting Plaintiff to Plaintiff's peers. The Court should grant Plaintiff's motion because Plaintiff's need for anonymity outweighs prejudice to the opposing parties, who will know Plaintiff's name, and the public's interest in knowing her identity. Plaintiff's reasonable fears of further harm suffered by the dissemination of her identity outweigh any minute prejudice to Defendants.

## FACTUAL BACKGROUND

Plaintiff Jane Doe alleges that she was sexually abused by Defendants while Plaintiff Doe was still a minor. (Compl. ¶¶ 62-96, 105, 114-17, Dkt. No. 1). The alleged childhood sexual abuse included multiple incidents of sexual assault and the surreptitious video recording of Plaintiff Doe engaged in non-consensual sexual conduct. (*Id.* ¶¶ 62-96, 105). Plaintiff Doe further alleges that Defendants distributed video constituting child pornography depicting Plaintiff Doe engaged in non-consensual sexual conduct, causing Plaintiff Doe to endure ridicule and mockery from her peers. (*Id.* ¶¶ 114-17, 120-26). As a result of the alleged sexual abuse and distribution of video of the sexual abuse, Plaintiff Doe has suffered mental and emotional distress. (*Id.* ¶¶ 17, 135, 220-21, 227-28). Plaintiff was diagnosed with PTSD related to the sexual abuse in February of 2026. (*Id.* ¶¶159-160).

Plaintiff Doe fears severe emotional distress and psychological harm if her identity is disclosed in connection with the above-entitled action. (*Plaintiff Decl.*, ¶5). Plaintiff Doe fears harassment, stigma, and long-term personal and professional consequences if her identity is publicly disclosed. (*Id.* ¶6). Plaintiff Doe is willing to disclose her identity to Defendants and to the Court, and has done so by filing under seal her Declaration annexed hereto. (*Id.* ¶7). Plaintiff Doe seeks to proceed under a pseudonym solely to protect her privacy and well-being. (*Id.* ¶8).

## LEGAL STANDARD

The Ninth Circuit has "set out the legal standard governing a district court's discretionary decision to permit a party to proceed anonymously." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).

A party may preserve her anonymity in judicial proceedings "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*. When a party requests "Doe" status, the factors the Court must balance against the general presumption of public disclosure are: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Doe v. Ayers*, 789 F.3d 944, 945 (9th Cir. 2015) (citing *Advanced Textile Corp.*, 214 F.3d at 1068).

The Court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice. *Advanced Textile Corp.*, 214 F.3d at 1068. Lastly, the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities. *Id*.

In cases where the plaintiffs have demonstrated a need for anonymity, the district court should use its powers to manage pretrial proceedings and to issue protective orders limiting disclosure of the party's name to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case. *Id.* at 1069; see also Fed. R. Civ. P. 16(b); Fed. R. Civ. P. 26(c). It may never be necessary, however, to disclose the anonymous parties' identities to nonparties to the suit. *Advanced Textile Corp.*, 214 F.3d at 1069.

## **ARGUMENT**

Courts in the Ninth Circuit allow parties to use pseudonyms when nondisclosure of the party's identity is to protect a person from harassment, injury, ridicule or personal embarrassment. *Advanced Textile Corp.*, 214 F.3d at 1067-68 (citing *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). Plaintiff Doe's case, which relates to incidents of sexual assault and sexual abuse that occurred when Plaintiff Doe was a minor, presents great risk of harassment, injury, ridicule or personal embarrassment to Plaintiff Doe should she be publicly identified.

In cases involving allegations of sexual assault, like the present case, the plaintiff is particularly susceptible to ridicule and personal embarrassment. Several courts in the Ninth Circuit have found that allowing victims to proceed anonymously serves a strong public interest "in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." See *Heineke v. Santa Clara Univ.*, No. 17-CV-05285-LHK, 2017 U.S. Dist. LEXIS 201163, at *68-69 (N.D. Cal. Dec. 5, 2017) (citing *Doe v. Penzato*, No. CV10-5154, 2011 U.S. Dist. LEXIS 51681, 2011 WL 1833007, at *5 (N.D. Cal. May 13, 2011)); see also *R.P. v. Seattle School Dist.*, 2014 U.S. Dist. LEXIS 20024, 2014 WL 639408, at *1 (W.D. Wash. Feb. 18, 2014); *cf. Jordan v. Gardner*, 986 F.2d 1521, 1525 n.4 (1993) ("In keeping with the tradition of not revealing names of the victims of sexual assault, we use initials here to protect the privacy of the inmates."). One court permitted plaintiffs to intervene anonymously because "[t]hey [we]re concerned that they w[ould] be embarrassed by the public disclosure of the nature of their allegations against Defendants, which, if proven, will identify them as victims of sexual harassment and sexual crimes in the small community where they live and work." *EEOC v. ABM Industries, Inc.*, 249 F.R.D. 588, 592 (E.D. Cal. 2008).

The present case presents the risk of stigma which "falls into the category of human sexuality, which is sensitive and highly personal." See *Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1145 (N.D. Cal. 2016) (citing *Roe 1-2 v.*

*SFBSC Management, LLC et al.*, 77 F. Supp. 3d 990, 994-95 (N.D. Cal. 2015)). The experience of sexual abuse can be deeply psychologically traumatic, and public knowledge of such abuse can trigger new trauma even years after the fact. See *John Doe 140 v. Archdiocese of Portland in Or.*, 249 F.R.D. 358, 361 (D. Or. 2008).

Given the subject matter of this litigation, the risk of harm, ridicule, and personal embarrassment to Plaintiff Doe, should her identity be revealed publicly, is great. Plaintiff Doe fears personal, social, and professional consequences, and further mental and emotional harm. Plaintiff Doe suffers from PTSD as a result of Defendants' conduct, and public knowledge of her abuse is likely to trigger additional trauma. *Archdiocese of Portland in Or.*, 249 F.R.D. at 361.

Plaintiff Doe's fears are reasonable, not only because this litigation concerns matters of the utmost intimacy,[1] but also because, as alleged in Plaintiff Doe's Complaint, the Defendants have previously subjected Plaintiff Doe to harm, ridicule, and personal embarrassment by intentionally distributing video depicting Plaintiff Doe engaged in sexually explicit conduct. Defendants' prior, intentional conduct, directed specifically at Plaintiff Doe makes her fears particularly reasonable.

The sensitive and highly personal nature of the claims presented in the above-entitled action make Plaintiff Doe particularly vulnerable to the harm, ridicule, and personal embarrassment from which the Ninth Circuit has sought to

---

[1] *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981).

protect plaintiffs. *Advanced Textile Corp.*, 214 F.3d at 1067-68 (citing United States v. Doe, 655 F.2d 920, 922 n.1 (9th Cir. 1981)).

Allowing Plaintiff Doe to proceed under a pseudonym will not prejudice Defendants because Plaintiff's true identity will be disclosed to Defendants. Defendants' ability to investigate and defend against Plaintiff's claims will not be impaired. There is no "precise prejudice" to the Defendants, and even if, *arguendo*, the Defendants are minimally prejudiced by Plaintiff proceeding under a pseudonym and an order that Defendants not publicly disclose Plaintiff's identity, the proceedings may be structured so as to mitigate any minor prejudice. *Advanced Textile Corp.*, 214 F.3d at 1068.

Additionally, the public's interest in open judicial proceedings is satisfied by access to the claims, legal arguments, and judicial rulings of the above-entitled action. Disclosure of Plaintiff Doe's name is not necessary to evaluate the merits of the present case. Furthermore, protecting Plaintiff Doe's identity promotes the public interest by encouraging survivors of sexual abuse to seek legal redress without fear of unnecessary exposure to harassment, injury, ridicule or personal embarrassment.

//

//

//

//

## CONCLUSION

For the reasons set forth above, the Court should grant Plaintiff's motion to proceed under a pseudonym. The above-entitled matter concerns issues that make the risk of harassment, injury, ridicule or personal embarrassment to Plaintiff Doe great if her identity is made public. Meanwhile, the risk of prejudice to the Defendants is minute, and the proceedings may be structured so as to mitigate any minor prejudice.

Dated this 23rd day of February, 2026.

                                                BLIVEN LAW FIRM, P.C.

                                                By: */s/ Avery L. Field*
                                                Avery L. Field
                                                704 S. Main Street
                                                Kalispell, MT 59901
                                                P: (406) 755-6828
                                                E: avery@blivenlawfirm.com

                                                *Attorney for Plaintiff*