IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

JANE DOE,

Plaintiff,

vs.

JOSHUA HILL, CODY EACKER, KADE MCCUTCHEON, and John Does 1-10,

Defendants.

CV 26-37-M-KLD

ORDER

Plaintiff Jane Doe filed an unopposed motion requesting that the Court enter a protective order pursuant to Federal Rule of Civil Procedure Rule 26(c) (Doc. 29) and filed a proposed protective order executed by the parties' counsel (Doc. 29-1). Accordingly, and good cause appearing to protect the parties and non-parties from the annoyance, embarrassment, oppression, and harm that would result from the unrestricted disclosure of confidential and private information in this action,

IT IS ORDERED:

1. Purpose and Scope. This Protective Order governs the designation, handling, and use of confidential information produced or exchanged in this action. Good cause exists because discovery will involve the production of private and confidential materials. If a party has a good faith basis to believe information or

documents are confidential, they may be designated as "Protected Documents" as set forth below.

2. Definition of Documents. As used herein, "documents" means all written material, images, video, audio, and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital) and on whatever media (e.g., paper, videotape, CD-ROM, DVD, hard drive, cloud storage, or otherwise), including electronically stored information.

3. Designation. The burden of proving that a Protected Document contains confidential information is on the party producing the document. Prior to designating any material, the producing party must make a bona fide, good-faith determination that each page or item designated contains confidential information within the scope of Paragraph 1. A producing party may designate material by marking it either (A) "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" OR (b) "HIGHLY CONFIDENTIAL AND RESTRICTED – SUBJECT TO PROTECTIVE ORDER" placed so as not to obscure the content. A party may also designate deposition testimony as confidential on the record or in writing within thirty (30) days of receipt of the transcript. The designation of "HIGHLY CONFIDENTIAL AND RESTRICTED" is specifically intended to apply to Plaintiff's counseling records and other documents containing particularly sensitive personal information concerning to Plaintiff that she contends should not

be provided to Defendants. It is not intended to apply to documents implicating third-party privacy interests generally, which are subject to the "CONFIDENTIAL" designation.

4. Challenges to Designation. If a party disagrees with a designation, the party shall notify the producing party in writing, and the parties shall confer in good faith. If the parties are unable to resolve the dispute within thirty (30) days of the notice, either party may apply to the Court for a ruling on the confidential status of the information or document. The burden of establishing that the material is entitled to protection remains on the producing party. Any material designated confidential shall continue to be treated as such pending the Court's determination.

5. Use. Protected Documents shall be maintained as confidential by the receiving party, its attorneys, and other Qualified Persons, and shall be used solely for purposes of this litigation and not for any business, personal, or other purpose.

6. Qualified Persons for "CONFIDENTIAL" designation. Such Protected Documents shall be disclosed only to the following "Qualified Persons":

a. Parties and their counsel of record;

b. Partners, associates, paralegals, and clerical or support staff of counsel of record who are assisting in this action;

c. The parties' retained experts and non-attorney consultants;

d. The Court and its personnel, the jury, and any special master or mediator;

e. Court reporters, videographers, and their staff;

f. Witnesses at deposition or trial, and their counsel, subject to Paragraph 8; and

g. Outside photocopying, litigation-support, and electronic-discovery vendors retained by counsel.

7. Qualified Persons for “HIGHLY CONFIDENTIAL AND RESTRICTED” designation. Such Protected Documents may only be possessed or maintained[1] by the following “Qualified Persons”:

a. Counsel of record for the parties;[2]

b. Partners, associates, paralegals, and clerical or support staff of counsel of record who are assisting in this action;

c. The parties’ retained experts and non-attorney consultants;

---

[1] The parties agree that HIGHLY CONFIDENTIAL AND RESTRICTED documents may be discussed with and shown to the named parties, but have preliminarily agreed that the named parties may not possess, retain, reproduce, or be provided a copy of such documents.

[2] The parties disagree regarding the nature and extent of the parties’ right to possess material marked Highly Confidential and Restricted. Defendants have agreed to separately raise and brief before the Court any right Defendants contend that Defendants have to possess material produced in Discovery that the Plaintiff designates as “HIGHLY CONFIDENTIAL AND RESTRICTED — SUBJECT TO PROTECTIVE ORDER.”

d. The Court and its personnel, the jury, and any special master or mediator;

e. Court reporters, videographers, and their staff;

f. Witnesses at deposition or trial, and their counsel, subject to Paragraph 8; and

g. Outside photocopying, litigation-support, and electronic-discovery vendors retained by counsel.

8. Witnesses. A witness may be shown a Protected Document during testimony or in preparation for testimony but shall not retain any copy. Before being shown a Protected Document, a witness who is not otherwise a Qualified Person shall be advised of the terms of this Order and shall not further disclose the material.

9. Reasonable Efforts. All parties shall make reasonable efforts to ensure that persons to whom Protected Documents are disclosed comply with this Order.

10. No Public Posting. No person subject to this Order shall post any Protected Document on any website or internet-accessible repository, or otherwise make it available to persons other than Qualified Persons.

11. Special Handling of Sexually Explicit Depictions of a Minor. Any photograph, video, or other visual depiction of any party engaged in sexually explicit conduct as a minor: (a) shall be treated as Confidential under this Order

under Paragraph 6 above; (b) shall not be reproduced, copied, or distributed except to the extent necessary for the conduct of this litigation; (c) shall be maintained in a secure manner accessible only to Qualified Persons; and (d) shall be handled in a manner consistent with federal law restricting the reproduction and distribution of visual depictions of minors engaged in sexually explicit conduct. Nothing in this Order authorizes any conduct prohibited by 18 U.S.C. §§ 2252 and 2252A or other applicable law.

12. Depositions and Trial. To the extent Protected Documents or information are used at deposition or as exhibits at trial, or deposition testimony is designated confidential, such documents, information, and testimony shall remain subject to this Order, including the transcript pages dealing with them. The producing party shall identify the confidential portions of any transcript within thirty (30) days of receipt, applying a good-faith standard.

13. Filing Under Seal. Any party seeking to file a Protected Document, or any pleading or paper that discloses the contents of a Protected Document, shall do so under seal in accordance with Local Rule 5.2 and Fed. R. Civ. P. 5.2, including the redaction of a minor’s name to initials and the redaction of other personal identifiers. Nothing in this Order constitutes leave to file under seal; a party must comply with this Court’s procedures for sealing. Any party wishing to file any document under seal shall seek leave of Court in accordance with the pertinent

provisions of L.R. 5.2, making the appropriate showing of good cause or compelling reasons as delineated in *Ground Zero Center for Non-Violent Action v. United States Department of the Navy*, 860 F.3d 1244, 1261 (9th Cir. 2017) (requiring a showing of compelling reasons to seal documents attached to dispositive motions and other filings relating to the merits of a case) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (requiring only a showing of good cause to seal documents related to a non-dispositive motion or a motion unrelated to the merits of a case).

14. Coordination with Pseudonym Order. Nothing in this Order supersedes or limits the Court's Order permitting Plaintiff to proceed under pseudonym (Doc. 5). Plaintiff's true identity and identifying information shall remain protected in all public filings and proceedings.

15. Inadvertent Production of Confidential Material. The inadvertent or unintentional production of material that should have been designated confidential shall not be deemed a waiver, in whole or in part, of the producing party's claim of confidentiality, provided the producing party notifies the receiving party promptly upon discovery and designates the material.

16. Inadvertent Production of Privileged Material. The inadvertent production of material protected by the attorney-client privilege or the work-product doctrine shall not constitute a waiver, and such material shall be handled in

accordance with Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502(b) and (d). Upon notice, the receiving party shall promptly return, sequester, or destroy the material and all copies.

17. Modification. This Order may be modified only by further order of the Court.

18. Return or Destruction. Within sixty (60) days after the final termination of this action, including the exhaustion of all appeals, all Protected Documents and copies thereof shall be returned to the producing party or destroyed, except that counsel may retain one archival copy of pleadings, motions, deposition and trial transcripts and exhibits, and attorney work product, which shall remain subject to this Order. Counsel shall certify compliance upon request.

19. Survival and Continuing Jurisdiction. The provisions of this Order shall survive and remain binding after the termination of this litigation. The Court retains jurisdiction over the parties and all persons to whom Protected Documents have been disclosed for the purpose of enforcing this Order.

20. Binding Effect. This Order is binding upon the parties, their attorneys, and their respective successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, employees, agents, and all persons or organizations over which they have control.

21. No Sale or Publicity. No person subject to this Order shall sell, offer for sale, advertise, or publicize any Protected Document or the confidential information contained therein.

22. Enforcement. The Court may enforce this Order through contempt proceedings and any appropriate sanctions provided by law, and may award reasonable attorney's fees and costs to the prevailing party on any motion to enforce.

DATED this 24th day of September, 2026.

Kathleen L. DeSoto
United States Magistrate Judge